## THE STATE OF KANSAS v. JOSEPH McCOOL.

1. JUDGMENT, *Not Arrested.* A judgment cannot be arrested upon the ground that the evidence offered does not support the charge made against the defendant.

2. EVIDENCE, *Not Newly Discovered; No Continuance; No New Trial.* A new trial in a criminal case was asked upon the ground of newly-discovered evidence which could not be obtained at the trial; but it appears that the defendant knew of the evidence prior to the trial, and caused a subpena to be issued and served upon the witness who, it is alleged, will give the new evidence, and who failed to appear at the trial, but no continuance was asked on account of his absence. *Held,* That as the evidence was not discovered since the trial, it cannot be regarded as newly discovered, and that the non-attendance of the witness who was served with process is not sufficient ground for a new trial where no continuance was asked on account of his absence.

3. COUNTY ATTORNEY, *Statement by, Not Misconduct.* A statement by the county attorney that he would show to the jury that the defendant had committed an offense other than the one for which he was being tried, when no such testimony was actually offered or admitted, and when the statement was not objected to, and no prejudice to the defendant appears to have resulted therefrom, is not such misconduct as will overturn the verdict of the jury.

4. COUNTY ATTORNEY; *Remark, Not Cause for New Trial.* The county attorney, in connection with an objection to a question asked by defendant's counsel, stated to the court "that if the court wishes to open the bars and let us go in and show all about this case, that the defendant has been found guilty of an attempt at manslaughter." The court promptly advised the jury that the statement was improper, and should be disregarded. *Held,* That the remark is not sufficient cause, under the circumstances of this case, to compel a new trial.

5. LADIES—*Exclusion from Court Room, Not Error.* It is not error or impropriety in the court to request ladies in attendance at the trial to withdraw from the court room when counsel for the state are about to comment upon testimony given in a criminal case which was of a vulgar and indecent character.

### *Appeal from Allen District Court.*

AT the June Term, 1884, *Joseph McCool* was tried for grand larceny, convicted, and sentenced to serve three years in the penitentiary. He appeals. The facts sufficiently appear in the opinion.

*Knight & Foust,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: Joseph McCool was informed against and tried in the district court of Allen county, for the offense of stealing a trunk and some wearing apparel contained therein, of the aggregate value of more than $25. He was convicted of grand larceny, and adjudged to serve three years in the penitentiary, from which conviction he appeals to this court. He first objects to the rulings of the court upon the admission and rejection of testimony, but fails to state particularly what is objectionable in the rulings. We have examined them, however, and find that the appellant has no cause for complaint.

Error is assigned in the overruling of the motion in arrest of judgment. The alleged ground of the motion is, that the evidence does not support the charge, but that if any offense is shown to be committed, it is that of embezzlement, and not grand larceny. The grounds upon which a judgment may be arrested are specifically prescribed in the statute, and are: "*First,* that the grand jury which found the indictment had no legal authority to inquire into the offense charged, by reason of its not being within the jurisdiction of the court; *second,* that the facts stated do not constitute a public offense." (Crim. Code, § 277.) As will be seen, the cause alleged by the de-

1. Judgment, not arrested.

fendant is not among those enumerated in the statute, and the motion was properly overruled. A motion for a new trial was made, and one of the grounds stated therein was that of newly-discovered evidence. In the affidavit filed in support of the motion, it is stated that one John Miller was present and heard the contract of purchase made between the defendant and John Beckley, the owner of the property alleged to have been stolen, and saw the defendant pay to Beckley the price thereof. . This testimony would cer-

tainly be material to the issues in the case, but it does not appear to be newly discovered. It seems that the defendant had knowledge of this testimony, and caused a subpena to be issued and served upon the witness Miller, who for some reason failed to appear at the time of the trial, and an attachment was then asked and obtained for the delinquent witness. Upon the showing made, a continuance to enable the defendant to obtain the testimony could probably have been obtained, but it appears that no continuance was asked for, and the non-attendance of a witness, under these circumstances, can hardly entitle the defendant to another trial. At any rate, the evidence cannot be regarded as newly discovered, and if it was, it is merely cumulative, and as counsel for appellant admit in their brief, it would simply have corroborated the evidence of two witnesses who testified in behalf of the defendant at the trial.

*2. Evidence not newly discovered; no continuance; no new trial.*

The other reasons urged for a new trial relate to the misconduct of the county attorney. A question was asked upon cross-examination of the prosecuting witness by defendant's counsel, which the county attorney seems to have regarded as outside of the case, and he thereupon stated that "plaintiff objects on the ground that it is incompetent and immaterial, and that if the court wishes to open the bars and let us go in and state all about this case, that the defendant has already been found guilty of an attempt at manslaughter." The remark seems to have been called out by the apparent effort of the defendant to widen the inquiry beyond what was legitimate, and while it was spoken in the presence of the jury, and was clearly improper, it was addressed only to the court. As the court promptly advised the jury to disregard the statement, we think no prejudice resulted to the defendant therefrom. It is also stated that the county attorney stated in the presence of the jury "that he would show to the jury that the defendant had been arrested for an assault with intent to kill the prosecuting witness John Beckley when he went to get the trunk that defendant had stolen from him, and the jury had returned a

*3. Remark by county attorney, not ground for new trial.*

verdict against him, of an attempt to commit manslaughter." It does not appear at what time the statement was made, but we may infer from the form of the expression, that it was in the opening statement of the case to the jury, and when the county attorney was stating what he expected to prove in support of the charge. The testimony proposed by the county attorney, was, of course, not competent, and evidently it was so regarded by the court, since the testimony was not permitted to be offered — at least none such is found in the record. The

4. Statement not prejudi- cial.

statement, whenever made, seems not to have been objected to, and although improper, we cannot say that it was so prejudicial to the interests of the defendant as to warrant any interference with the verdict.

It is also charged as misconduct on the part of the county attorney that he asked the court to request the ladies in

5. Ladies prop- erly exclud- ed from court room.

attendance upon the trial to leave the room, as he was about to refer to some of the evidence which was unfit for ladies to hear. The request was granted, and the order made. Such an order we regard as entirely proper, and certainly one of which the defendant has no reason to complain.

There are other objections which have been considered, but in an examination of the entire record we find no error which will justify reversal of the judgment of the district court, and it will therefore be affirmed.

All the Justices concurring.