No. 68,409

STATE OF KANSAS, *Appellant,* v. ROBERT SIMS, *Appellee.*

(862 P.2d 359)

Opinion filed November 17, 1993.

*Michael A. Russell*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the briefs for appellant.

*Jessica R. Kunen*, chief appellate defender, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant Robert Sims, the 67-year-old grandfather of the 17-year-old female victim, was convicted of rape, aggravated criminal sodomy, and aggravated incest. Seven months after the defendant had been convicted, the district court on defendant's motion arrested judgment on the rape and aggravated criminal sodomy convictions because of this court's decision in *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992).

The victim, F.S., testified that on July 29, 1990, she was living with her grandparents in Kansas City, Kansas. She was sleeping in her bedroom when she was awakened by Sims, who was getting on top of her. When she resisted, Sims retrieved a shotgun, laid it on the side of the bed, and told F.S. that he would shoot her if she did not do what he said. The victim testified that she felt helpless and believed her grandfather would shoot her if she did not cooperate. Sims ordered F.S. to remove her clothes. He then had oral and vaginal sex with her.

Robert Sims was charged with the crimes of rape, in violation of K.S.A. 21-3502, aggravated criminal sodomy, in violation of K.S.A. 21-3506, and aggravated incest, in violation of K.S.A. 21-3603. On December 17, 1991, a jury found defendant guilty of all three crimes alleged in the information. On June 19, 1992, defendant filed with the district court a motion to arrest judgment on his convictions of rape and aggravated criminal sodomy, citing *State v. Williams*, 250 Kan. 730, as authority. The motion was heard by the district court on July 2, 1992. On July 14, 1992, the district court filed its order arresting judgment on those two convictions.

The district judge granted Sims' motion to arrest judgment and set aside the rape and aggravated criminal sodomy convictions. Based on *Williams*, the district judge reasoned that the legislature intended aggravated incest, a crime committed by a person related to the victim, to be a less serious offense than when a similar prohibited act is engaged in with a victim with whom the defendant had no family relationship.

The State appealed, pursuant to K.S.A. 22-3602(b)(2), from the order arresting judgment, claiming that the trial court erred in arresting judgment on appellee's convictions for rape and aggravated criminal sodomy. On appeal, the State argues that *Williams* applies only to indecent liberties with a child and not to the crimes of rape or aggravated criminal sodomy.

K.S.A. 1992 Supp. 22-3208(3) provides:

"Defenses and objections based on defects in the institution of the prosecution or in the complaint, information or indictment other than that it fails to show jurisdiction in the court or to charge a crime may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the complaint, information or indictment to charge a crime shall be noticed by the court at any time during the pendency of the proceeding."

K.S.A. 22-3502 provides:

"The court on motion of a defendant shall arrest judgment if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged. The motion for arrest of judgment shall be made within 10 days after the verdict or finding of guilty, or after a plea

of guilty or *nolo contendere*, or within such further time as the court may fix during the 10-day period."

K.S.A. 22-3502 allows a defendant 10 days after a verdict or finding of guilty to file a motion for arrest of judgment. The verdict of guilty in this case was rendered on December 17, 1991. Under K.S.A. 22-3502, Sims had 10 days after December 17, 1991, to file his motion to arrest judgment. Sims' motion to arrest judgment was filed in June 1992, more than 180 days after the verdict of guilty, thus raising the issue of the district court's jurisdiction to arrest judgment.

The parties were directed to brief this question:

> Did the district court have jurisdiction to arrest judgment in this case on the basis of defendant's motion to arrest judgment which was filed later than the time authorized by K.S.A. 22-3502?

Sims answers that K.S.A. 22-2103 sets forth legislative intent concerning the resolution of criminal law issues: "The code [of criminal procedure] is intended to provide for the just deter-mination of every criminal proceeding. Its provisions shall be construed to secure simplicity in procedure, fairness in admin-istration, and the elimination of unjustifiable expense and delay." *State v. Hall*, 246 Kan. 728, 756, 793 P.2d 737 (1990).

Sims' attorney filed the motion to arrest judgment under K.S.A. 22-3503, which on its face permits a trial court to arrest judgment, even without a motion, at any time during the pendency of the proceedings. The trial court explicitly accepted jurisdiction over the motion, noting that it was brought to its attention via K.S.A. 22-3503, not K.S.A. 22-3502. Sims asserts (1) the trial court had statutory authority to hear and decide the motion to arrest judg-ment, and (2) the court has inherent power, in the absence of a statutory provision, to arrest judgment during the pendency of a proceeding if the convictions violate due process of law.

The State answers that under K.S.A. 22-3502 and K.S.A. 22-3503, there are only two grounds for a motion to arrest judgment: (1) if the complaint, information, or indictment does not charge a crime or (2) if the trial court was without jurisdiction of the crime charged. The motion for arrest of judgment is, by its very

nature, a post-verdict motion. *State v. Crozier*, 225 Kan. 120, 123, 587 P.2d 331 (1978).

The State claims K.S.A. 22-3502 creates a deadline by which a defendant must file a motion to arrest judgment and that the purpose of the deadline is to allow the trial court to decide the defendant's contentions in a timely fashion. The State also asserts that the deadline carries out legislative intent regarding the resolution of criminal law issues. See K.S.A. 22-2103. The State concludes K.S.A. 22-3503 does not provide a convicted defendant a statutory vehicle to file a motion to arrest judgment out of time. The statute merely gives the trial court authority to arrest judgment without motion if it becomes aware of either of the two previously stated grounds for arresting judgment.

Our analysis begins with an examination of *State v. Williams*, 250 Kan. 730. First, we focus on the procedure Williams followed to obtain dismissal of the complaint and, second, we address why the magistrate's dismissal of the complaint was correct. Williams was charged in the complaint with one count of indecent liberties with a child, K.S.A. 1992 Supp. 21-3503. During the preliminary examination, evidence was adduced that the child Williams was alleged to have sexually molested was his 14-year-old step-grand-daughter. At the conclusion of the hearing, Williams moved to dismiss the complaint, arguing that the more specific crime of aggravated incest, defined by K.S.A. 21-3603, should have been charged rather than indecent liberties with a child. The judge granted Williams' motion to dismiss, finding that the legislature intended the more specific crime of aggravated incest to apply to the facts in evidence. The State appealed.

The *Williams* court pointed out that when there is a conflict between a statute dealing generally with a crime and another statute dealing specifically with a certain phase of the crime, the specific statute controls unless it appears that the legislature intended to make the general crime controlling. It then noted that although the elements of the two crimes are similar, the distinguishing factor is that aggravated incest requires the act to be committed by a biological, step, or adoptive relative of the child, while such a relationship was not an element in the crime of indecent liberties with a child. After reviewing the statutes, the *Williams* court found it was clear that the legislature intended

that aggravated incest, a crime committed by a person related to the victim, be a less serious offense than when a similar act is perpetrated by a person who has no such family relationship with the child. The court concluded by stating that when a defendant is related to the victim as set forth in K.S.A. 21-3603(1), the State may charge the defendant with aggravated incest for engaging in the acts prohibited by that statute but not with indecent liberties with a child.

Our conclusion in *Williams* and the corresponding statement in Syl. ¶ 4 have caused some to erroneously believe that if the State alleges in the complaint that an individual committed the offense of indecent liberties with a child, the court is without jurisdiction to proceed if the person accused is related to the victim. A syllabus of the points of law decided by the Supreme Court in any case shall be stated in writing by the judge delivering the opinion of the court, which shall be confined to points of law arising from the facts in the case. K.S.A. 20-203; K.S.A. 60-2106(b). Syllabus ¶ 4 is a statement of the law arising from the facts in *Williams*.

However, because of the confusion generated by Syl. ¶ 4, some have interpreted *Williams* to have held that the district court was without jurisdiction to proceed. A clearer statement of the point of law decided in *Williams* is: Where a defendant is charged in a complaint with a general sexual offense (rape, sodomy, indecent liberties with a child, etc.) and, at the conclusion of the preliminary examination moves to dismiss the complaint on the basis that the evidence has established that the alleged victim is within that degree of kinship to the defendant as would render the offense to be within the definition of the specific offense of aggravated incest, the State may either proceed to arraign the defendant on an information charging the crime of aggravated incest or dismiss the complaint.

In *Williams*, this court reviewed the defendant's motion to dismiss the complaint at the conclusion of the preliminary examination. The defendant challenged the crime charged in the complaint by arguing that the State's evidence indicated that a lesser crime had been committed. K.S.A. 22-2902(3) provides that if from the evidence it appears that a felony has been committed and there is probable cause to believe that the felony has been

committed by the defendant, the magistrate shall bind over the defendant; otherwise, the magistrate shall discharge the defendant. Rather than binding Williams over to stand trial for the crime of aggravated incest as shown by the evidence, the magistrate discharged Williams.

Because *Williams* dealt with sufficiency of the evidence at the preliminary examination and not with jurisdiction, *Williams* does not answer the question in this case. To determine the question before us, we must shift our focus to criminal procedure statutes. It should be noted that the charging documents in *Williams* and in this case were complete and no essential elements of the offenses charged were omitted.

### Challenging the Sufficiency of the Charging Document and the Jurisdiction of the Court

A defendant may challenge the sufficiency of the complaint, information, or indictment charging a felony crime during three stages of the proceeding. At the preliminary examination, the defendant may have the complaint dismissed if the complaint is defective or the State fails to produce evidence either that a crime has been committed or that the defendant committed the crime. If the magistrate finds from the evidence that a *felony* has been committed and there is probable cause to believe that the defendant committed the offense, the defendant is bound over for arraignment. K.S.A. 22-2902. Prior to trial, the defendant has a second opportunity to attack defects in the complaint, its failure to state a crime, and the jurisdiction of the court. Failure to present any such defenses or objections constitutes a waiver. K.S.A. 1992 Supp. 22-3208(3). The final opportunity for a defendant to challenge the sufficiency of the charging instrument or the jurisdiction of the court is by a motion to arrest judgment, which must be filed within a period of 10 days after the defendant is found guilty whether by trial or otherwise. K.S.A. 22-3502. See generally *Hall*, 246 Kan. 728.

### Motion to Arrest Judgment

The court on motion of a defendant shall arrest judgment if the complaint, information, or indictment does not charge a crime or if the court was without jurisdiction of the crime charged. The motion for arrest of judgment shall be made within 10 days after

the verdict or finding of guilty, or after a plea of guilty or nolo contendere, or within such further time as the court may fix during the 10-day period. K.S.A. 22-3502. If the court becomes aware of the existence of grounds which would require that a motion for arrest of judgment be granted, if filed, the court may arrest the judgment without motion. K.S.A. 22-3503.

Prosecution for a felony is by complaint, information, or indictment. A motion for arrest of judgment is a post-verdict motion made to prevent the entry of judgment where the charging document is insufficient or the court lacked jurisdiction to try the matter. To grant a motion to arrest judgment, the charging document in some respect must be fatally defective and legally insufficient to support a judgment or the court must lack jurisdiction. The motion to arrest judgment reaches only these two situations.

A motion for arrest of judgment does not test the sufficiency of the evidence to convict a defendant of the crime. It is fundamental that no valid judgment may be entered where no crime is charged in the complaint, information, or indictment. See *Smith v. State*, 1 Kan. 365, 389-90 (1863).

The sufficiency of the charging document is measured by whether (1) it contains the elements of the offense intended to be charged, (2) it sufficiently apprises the defendant of what he or she must be prepared to meet, and (3) it is specific enough to make a subsequent plea of double jeopardy possible. The charging document is sufficient if it substantially follows the language of the statute or charges the offense in equivalent words or words of the same import. K.S.A. 22-3201; *State v. Micheaux*, 242 Kan. 192, 197, 747 P.2d 784 (1987).

Jurisdiction is the power of a court to hear and decide a matter. Jurisdiction is not limited to the power to decide a matter rightly but includes the power to decide the matter wrongly. *In re Estate of Johnson*, 180 Kan. 740, 746, 308 P.2d 100 (1957).

Sims claims that although the defendant must challenge the sufficiency of the charging document or the jurisdiction of the court within 10 days after a finding or verdict of guilty, under K.S.A. 22-3503, the court may arrest judgment on its own motion during the pendency of the proceedings. Sims does not state what, if any, limitation is placed on the judge's power to arrest

judgment if the defendant fails to file a motion to arrest the judgment. The State claims that the power of the judge to arrest judgment is restricted by K.S.A. 22-2103, which limits unjustifiable expenses and delay.

To determine this issue we must first review the statutes and apply the rules of statutory construction. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Martindale v. Tenny,* 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). Legislative intent is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *Todd v. Kelly,* 251 Kan. 512, 516, 837 P.2d 381 (1992).

K.S.A. 22-3503 provides that whenever the court becomes aware of the existence of grounds which would require that a *motion* for arrest of judgment be granted, *if filed,* the court may arrest the judgment without motion. K.S.A. 22-3502 requires the defendant to file a motion to arrest judgment within 10 days after the verdict or finding of guilty. Therefore, the motion for arrest of judgment must be filed by the defendant, and a court's arrest of judgment without motion must be ordered, within 10 days after the verdict or finding of guilty.

Sims finally concludes he is not claiming that the information lacked any elements necessary to prove the crimes charged. Sims points out that he was charged with the wrong crime. Sims asserts that K.S.A. 22-3208(3) is clear and that the question of whether an information is defective for failing to charge a crime is a separate question from whether the trial court lacked jurisdiction over the offense charged. To the extent this court believed in *State v. Hall* that an information could be challenged on jurisdictional grounds only if the charging document omitted essential elements of the crime charged, the defendant respectfully submits the opinion is in error. Sims cites no authority for the use of a motion to arrest judgment for this claim. The State disagrees with Sims' statement. Although neither party cites any authority, we note that this question has been previously decided by this court.

In *State v. McCool,* 34 Kan. 617, 9 Pac. 745 (1886), McCool was charged in an information with the offense of stealing a trunk and some wearing apparel contained within the trunk, having an aggregate value of more than $25. McCool was convicted of grand larceny and sentenced to serve a term of three years. After his conviction, McCool filed a motion to arrest judgment, claiming that the evidence adduced at trial did not support the charge in the information but that if any offense was shown to be committed by the evidence, it was that of embezzlement (a separate crime) and not grand larceny. The district court denied McCool's motion to arrest judgment. McCool appealed.

The *McCool* court noted that McCool claimed the evidence did not support the crime charged but a separate crime. It pointed out that the grounds upon which a judgment may be arrested are specifically prescribed in the statute and are: " '*First,* that the grand jury which found the indictment had no legal authority to inquire into the offense charged, by reason of its not being within the jurisdiction of the court; *second,* that the facts stated do not constitute a public offense.' " 34 Kan. at 618. The *McCool* court observed that the cause alleged by the defendant was not among those enumerated in the statute and affirmed the trial court's denial of McCool's motion to arrest judgment. 34 Kan. at 618. See *State v. Gibbens,* 253 Kan. 384, 388, 855 P.2d 937 (1993).

Where the evidence adduced at trial does not support the crime alleged in the charging document but supports a separate crime, the defendant cannot challenge the verdict on grounds of insufficiency of the evidence by a motion to arrest judgment. A motion to arrest judgment is a challenge to the charging instrument or the jurisdiction of the court to try the offense alleged in the charging document, whereas an insufficiency argument is a challenge to the verdict. Other statutory procedures are available to challenge the sufficiency of the evidence. Sims' final claim is without merit.

Because the court did not have jurisdiction to arrest Sims' convictions for rape and aggravated criminal sodomy, the court's arrest of judgment is reversed and the matter remanded with directions to reinstate the convictions.

Reversed and remanded.

ALLEGRUCCI, J., concurs in the result.