No. 92,910

STATE OF KANSAS, *Appellee*, v. CHARLES BROWN, *Appellant*.

(127 P.3d 257)

Opinion filed February 3, 2006.

*Stephen B. Chapman*, of Chapman & White, LLC, of Olathe, argued the cause and was on the brief for appellant.

*Michael A. Russell*, chief deputy district attorney, argued the cause, and *Jerome A. Gorman*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Charles Brown was convicted of first-degree premeditated murder in 1996 and sentenced to life in prison with no possibility of parole for 25 years. He directly appealed his conviction and sentence, and this court affirmed them. *State v. Brown*, 266 Kan. 563, 579, 973 P.2d 773 (1999). In November 2002, Brown filed a motion to correct an illegal sentence, alleging that K.S.A. 21-3401 is unconstitutional. The district court denied Brown's motion without a hearing.

Brown appeals the district court's denial of his motion to correct an illegal sentence, claiming that (1) K.S.A. 21-3401 is unconstitutionally vague because the legislature eliminated the word "malice" from the statute; (2) the absence of the word "malice" shifts the burden of proof to the defendant; and (3) the trial court should have instructed the jury regarding the element of malice.

Brown claims that the district court lacked jurisdiction for his conviction because the statute for first-degree murder is unconstitutionally vague due to the elimination of the term "malice" from the statute in 1993. See L. 1992, ch. 298, sec. 3 (legislature eliminated the word "maliciously" from K.S.A. 21-3401).

"Whether a statute is unconstitutionally vague or overbroad is a question of law over which this court has unlimited review. [Citations omitted.]
. . . .
'The constitutionality of a statute is presumed. All doubts must be resolved in favor of its validity, and before the act may be stricken down it must clearly appear that the statute violates the constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it. If there is any reasonable way to construe the statute as constitutionally valid, that should be done. A statute should not be stricken down unless the infringement of the superior law is clear beyond reasonable doubt.' [Citation omitted.]" *State v. Whitesell*, 270 Kan. 259, 268, 13 P.3d 887 (2000).

Brown's sole argument is that a person who executes a convicted murderer pursuant to the death penalty statutes would be guilty of first-degree murder pursuant to K.S.A. 21-3401 because there is no requirement for malice. However, a party cannot challenge the constitutionality of the government's action by invoking the rights of others. *State v. Thompson*, 221 Kan. 165, 172, 558 P.2d 1079 (1976) (rejecting defendant's claim that the sodomy statute was unconstitutional because the defendant, who was charged with forcible sodomy, did not have standing to argue that statute discriminated against consensual homosexual acts). Accordingly, Brown has no standing to argue that K.S.A. 21-3401 is vague as applied to potential state executioners.

In *State v. McCown*, 264 Kan. 655, 661-63, 957 P.2d 401 (1998), we concluded that the removal of the term "malicious" from the second-degree murder statute, K.S.A. 1997 Supp. 21-3402, did not render the statute unconstitutionally vague. Noting that the State must prove "[d]eath of a human being, intent to kill, and causation" as the facts necessary to establish second-degree murder, the *McCown* court held that these elements were not vague. 264 Kan. at 663.

Prior to July 1,1992, K.S.A. 21-3401(b) defined first-degree premeditated murder as "the killing of a human being committed ma-

liciously, willfully, deliberately and with premeditation." K.S.A. 21-3401(a), the present version and the one under which the defendant was convicted, defines first-degree premeditated murder as the killing of a human being committed "[i]ntentionally and with premeditation." The only difference between second-degree intentional murder in K.S.A. 21-3402(a) and first-degree premeditated murder in K.S.A. 21-3401(a) is the element of premeditation. Premeditation means to " 'have thought over the matter beforehand.' " *State v. Navarro*, 272 Kan. 573, 578, 35 P.3d 802 (2001). " 'Premeditation is a "state of mind" relating to a person's reasons and motives for acting as he or she did.' " *Navarro*, 272 Kan. at 578. "Malicious" has been defined as " ' "willfully doing a wrongful act without just cause or excuse." ' " *State v. Stone*, 253 Kan. 105, 108, 853 P.2d 662 (1993). Thus, the terms "maliciously" and "premeditation" have different meanings and were not used synonymously by the legislature to define first-degree murder. Because the term "premeditation" as used in K.S.A. 21-3401 is not the same as the term "maliciously" previously used in K.S.A. 21-3401 and because the term "premeditation" is the only difference between first-degree murder and second-degree intentional murder, the *McCown* court's analysis is controlling. The elimination of the term "maliciously" from the first-degree murder statute does not make the statute unconstitutionally vague. See *McCown*, 264 Kan. at 663.

Next, Brown argues that K.S.A. 21-3401(a) is unconstitutional because the removal of the word "maliciously" shifts the burden of proof to the defendant. The constitutionality of a statute is a question of law subject to de novo review. *Whitesell*, 270 Kan. at 268.

Like his argument in the first issue, Brown relies on factual circumstances not implicated by the facts of his case. Specifically, Brown points to a state executioner and a police officer who kills someone in the line of duty. Brown has no standing to raise the constitutionality of the statute based on facts that are not implicated by his case. See *Thompson*, 221 Kan. at 172. Accordingly, this argument is without merit.

In *McCown*, this court held that the elimination of the term "malicious" from the second-degree murder statute did not shift the burden of proof to the defendant. 264 Kan. at 662-64. Brown argues that *McCown* should be overruled but cites no authority to support his argument. The addition of premeditation as an element to distinguish first-degree murder from second-degree murder does not invalidate the *McCown* court's analysis on this issue. Thus, it is controlling in this case, and Brown's claim has no merit.

Finally, Brown claims that his conviction must be reversed because the trial court improperly denied his request for a jury instruction regarding the element of malice. This issue is not properly before us. Brown filed a motion in the district court to correct an illegal sentence. A defendant may file a motion to correct an illegal sentence at any time. K.S.A. 22-3504(1). An illegal sentence is " 'a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served.' " *State v. Barnes*, 278 Kan. 121, 123-24, 92 P.3d 578 (2004). Brown claims that his sentence was illegally imposed by a court that lacked jurisdiction because K.S.A. 21-3401(a) was unconstitutional.

Brown's claim that the trial court erroneously instructed the jury raises an issue of trial error. Although trial errors may warrant reversing a conviction, they do not deprive courts of jurisdiction. In a criminal case, the district court acquires jurisdiction upon the filing of a complaint, indictment, or information. *State v. Trudell*, 243 Kan. 29, 39, 755 P.2d 511 (1988). As long as the complaint, indictment, or information alleges the elements of the offense intended to be charged, sufficiently apprises the defendant of the facts he or she must be prepared to meet, and is specific enough to determine a subsequent plea of double jeopardy, the district court has subject matter jurisdiction. *State v. Sims*, 254 Kan. 1, 9, 862 P.2d 359 (1993).

The district court's jurisdiction "is not limited to the power to decide a matter rightly but includes the power to decide the matter wrongly." *Sims*, 254 Kan. at 9. Because a trial error does not de-

prive the district court of jurisdiction, trial errors cannot be raised to support a motion to correct an illegal sentence. Accordingly, the district court lacked jurisdiction to determine whether the trial court erred in instructing Brown's jury, and we are without jurisdiction to analyze this issue.

We affirm the district court's denial of Brown's motion to correct an illegal sentence.