NOT DESIGNATED FOR PUBLICATION

No. 117,465

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BERNABE CRUZ ORTEGA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Seward District Court; BRADLEY E. AMBROSIER, judge. Opinion filed April 13, 2018. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Russell W. Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Bernabe Cruz Ortega pled no contest to one count of the off-grid version of aggravated indecent liberties with a child. He later filed a K.S.A. 60-1507 motion alleging: (1) his complaint was defective for failing to include his date of birth; and (2) his trial counsel was ineffective for failing to object to the complaint. The district court summarily denied the motion, finding the complaint was not defective and Ortega's ineffective assistance claim failed as a result. Ortega appeals, arguing the district court erred in summarily dismissing his ineffective assistance claim. We disagree and affirm.

1

On September 22, 2011, the State charged Ortega with one count of aggravated criminal sodomy with a child under the age of 14 and one count of aggravated indecent liberties with a child under the age of 14. Ortega eventually pled no contest to one count of aggravated indecent liberties with a child. Prior to the plea hearing, the State filed an amended complaint only charging Ortega with aggravated indecent liberties with a child under the age of 14. Both the original complaint and the amended complaint alleged:

> "That on or between the 28th day of October, 2007, and the 28th day of October, 2008, in said County of Seward and State of Kansas, one Bernabe Cruz Ortega did then and there unlawfully, feloniously, and willfully engage in act [*sic*] of lewd fondling or touching of a child, to-wit: AL dob: 10/28/2000, a child who was less than 14 years of age with intent to arouse or satisfy the sexual desires of either the child or the offender and *the offender being over the age of 18 years*, in violation of K.S.A. 21-3504(a)(3)(1), Aggravated Indecent Liberties with a child, a level Offgrid person felony." (Emphasis added.)

The district court denied Ortega's motion for departure and sentenced him to a life sentence without the possibility of parole for 25 years under K.S.A. 21-4643 (Jessica's Law). Ortega appealed, arguing the State had violated the terms of the plea agreement by effectively arguing against his departure motion. The Court of Appeals agreed, vacated his sentence, and remanded for resentencing before a different judge. *State v. Ortega*, No. 111,614, 2015 WL 2133266 (Kan. App. 2015) (unpublished opinion). On remand, the district court again sentenced Ortega to a life sentence without the possibility of parole for 25 years. At the sentencing hearing, the court stated it was sentencing Ortega to lifetime postrelease supervision. The journal entry, however, indicates the court ordered lifetime parole supervision.

In November 2016, Ortega filed a K.S.A. 60-1507 motion. He alleged the complaint was defective because it did not list his date of birth, which he claimed was an essential element of the crime. He also claimed his counsel was ineffective for failing to challenge the allegedly defective complaint and move for an arrest of judgment. Finally,

2

he argued his sentence was illegal because the district court lacked jurisdiction to impose lifetime postrelease supervision.

The district court summarily denied the motion. The court held that the complaint was not defective because it listed all essential elements of the crime. The court acknowledged that the complaint did not list Ortega's date of birth but pointed out that it did allege that Ortega was 18 years or older. The court did not address Ortega's ineffective assistance claim in detail. Rather, it simply held that its finding that the complaint was not deficient "takes care of" the ineffective assistance claim. Lastly, the court found that Ortega had correctly been sentenced to lifetime parole supervision. Ortega appeals.

On appeal, Ortega does not challenge the district court's finding that the complaint was not defective. He only argues the record available to the district court did not conclusively show he was not entitled to relief on his ineffective assistance claim. Therefore, according to Ortega, the court erred in summarily denying it.

*Standard of Review*

When the district court summarily denies a K.S.A. 2017 Supp. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. 300 Kan. at 881; see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

3

*Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the proceedings would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

In his motion, Ortega only alleged his counsel was ineffective for failing to challenge the complaint by filing a motion to arrest judgment. See K.S.A. 2017 Supp. 22-3502. Such a motion prevents entry of judgment when the complaint is defective or the district court lacked jurisdiction. *State v. Sims*, 254 Kan. 1, 9, 862 P.2d 359 (1993). In order to avoid summary dismissal, Ortega bore the burden of demonstrating he was entitled to an evidentiary hearing on whether counsel was ineffective for failing to file a motion to arrest judgment.

If the complaint was not defective, however, Ortega's ineffective assistance argument necessarily fails. To satisfy the first prong of the ineffective assistance of counsel standard, Ortega must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness. See *State v. Cheatham*, 296 Kan. 417, Syl. ¶ 4, 292 P.3d 318 (2013). Failing to challenge a valid complaint, however, is not objectively unreasonable.

Also, even if his counsel's performance was deficient, Ortega must still satisfy the second prong, prejudice. In order to establish prejudice, Ortega must demonstrate there is a reasonable probability that the outcome of the proceedings would have been different. If the complaint was not defective, a motion for an arrest of judgment would have failed and the outcome of the proceedings below would have been the same.

In order for us to determine whether the district court erred in summarily denying Ortega's ineffective assistance claim, we must first determine if the complaint was, in fact, defective. Notably, Ortega does not challenge the district court's finding that the complaint was not defective. Thus, he has waived and abandoned any argument that the district court erred in finding so. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

Prior to 2016 and the Kansas Supreme Court's decision in *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), the question of whether a criminal complaint was defective raised a question of subject matter jurisdiction. Whether a charging document conferred subject matter jurisdiction is a question of law over which an appellate court has unlimited review. *State v. Rivera*, 48 Kan. App. 2d 417, 451, 291 P.3d 512 (2012).

*Dunn* also changed the analysis courts use to determine if a complaint is defective. Because Ortega was convicted in 2012, however, any challenge to the complaint that his trial counsel could have raised would have been subject to the pre-*Dunn* standard. Under that standard, when a defendant challenges the complaint before trial, courts "review the complaint to determine if it omits one or more of the essential elements of the crime it attempts to charge." 48 Kan. App. 2d at 451. "[A] complaint is sufficient if it substantially follows the language of the statute or charges the offense in equivalent words or others of the same import so long as the defendant is fully informed of the particular offense charged and the court is able to determine under what statute the charge is founded." 48 Kan. App. 2d at 451.

When the crime was committed, K.S.A. 21-3504 defined aggravated indecent liberties with a child. The State charged Ortega under subsection (a)(3), which states:

"(a) Aggravated indecent liberties with a child is:

5

. . . .

> (3) engaging in any of the following acts with a child who is under 14 years of age:
>
> (A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both; or
>
> (B) soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender, or another." K.S.A. 21-3504(a)(3).

The statute also states that "[w]hen the offender is 18 years of age or older, aggravated indecent liberties with a child as described in subsection (a)(3) is an off-grid person felony." K.S.A. 21-3504(c). Thus, a defendant's age is an element of the off-grid version of aggravated indecent liberties with a child. See *State v. Reyna*, 290 Kan. 666, 676, 234 P.3d 761 (2010) ("the defendant's age at time of the offense is an element of the crime if the State seeks to convict the defendant of the more serious, off-grid enhanced offense"), *overruled on other grounds by Dunn*, 304 Kan. 773. Also, the mandatory minimum sentence under Jessica's Law only applies to "a defendant who is 18 years of age or older." K.S.A. 21-4643(a)(1).

Ortega was charged with the off-grid version of aggravated indecent liberties with a child and sentenced under Jessica's Law. His age at the time of the offense was an element of the crime. Both the original complaint and the amended complaint alleged that Ortega was 18 years or older. They also substantially followed the language of the statute. Additionally, both complaints stated he was being charged with the off-grid version of aggravated indecent liberties, providing further notice of the particular crime charged. Thus, neither complaint is defective.

Granted, defendants in Jessica's Law cases have challenged their charging documents based on the omission of the defendant's *age* as an element of the offense. In

6

these cases, courts have found the complaint was not defective because it included the defendant's date of birth, even if it did not specifically allege the defendant was 18 years or older. See, e.g., *State v. Inkelaar*, 293 Kan. 414, 433-35, 264 P.3d 81 (2011), *overruled on other grounds by Dunn*, 304 Kan. 773; *State v. Huerta-Alvarez*, 291 Kan. 247, 254-55, 243 P.3d 326 (2010), *overruled on other grounds by Dunn*, 304 Kan. 773. It does not follow, however, that listing the defendant's date of birth is necessary to effectively charge the off-grid version of a child sex crime.

In his brief, Ortega argues that "[t]he evidence available to the court in this case did not show if [trial counsel's] choice to not object to the form of the complaint was because he believed the complaint was sufficient, if it was because he was simply unaware of any possible deficiencies in the complaint, or if he had even considered the question at all." This is true. Nonetheless, the district court did not need to determine why trial counsel did not object, because failing to object to a valid complaint does not fall below an objective standard of reasonableness. Furthermore, it did not prejudice Ortega because any objection would have failed.

Because the complaint was not defective, Ortega's ineffective assistance claim fails. He can establish neither deficient performance nor prejudice. He has raised no other basis for his ineffective assistance claim. Thus, the record conclusively shows he is not entitled to relief, and the district court did not err in summarily denying his K.S.A. 60-1507 motion.

*Lifetime Postrelease Supervision*

Ortega also claimed in his K.S.A. 60-1507 motion that his sentence was illegal because the district court lacked jurisdiction to sentence him to lifetime postrelease supervision. The district court found that Ortega had been correctly sentenced to lifetime

7

parole. Ortega has not briefed this issue on appeal, so any argument has been waived or abandoned. *Superior Boiler Works*, 292 Kan. at 889.

Additionally, this issue appears to be without merit. At the sentencing hearing, the district court sentenced Ortega to lifetime postrelease supervision. "[A] sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence." *State v. Summers*, 293 Kan. 819, 832, 272 P.3d 1 (2012). Ortega is correct that the sentence pronounced from the bench was illegal. However, a court has jurisdiction to correct an illegal sentence at any time, and the journal entry ordered lifetime parole. K.S.A. 22-3504(1); *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). Therefore, his sentence is legal.

Affirmed.