NOT DESIGNATED FOR PUBLICATION

No. 117,713

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC O. HERNANDEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed June 29, 2018. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.


LEBEN, J.: Eric Hernandez appeals the district court's denial of his motion to correct an illegal sentence. Hernandez claimed he didn't commit a crime under K.S.A. 2005 Supp. 21-3826—which prohibits the unauthorized possession of a weapon by a prisoner in a correctional institution—because he was in a county jail, not a state prison, when he committed his offenses. He contends that the statute didn't apply to county jails.

But a defendant can't use a motion to correct an illegal sentence to attack the underlying conviction. And while Hernandez tries to get around that by arguing that his

motion should be interpreted as another type of motion that could challenge the underlying conviction, his substantive point is off the mark, anyway: County jails are covered by the contraband statute. We therefore affirm the district court's judgment.

With that introduction, let's review the proceedings that led up to this appeal.

Hernandez was charged in 2005 with two counts of unlawful possession of contraband under K.S.A. 2005 Supp. 21-3826. The charges came after deputies in a Sedgwick County jail twice found him with a filed-down toothbrush that could be used as a weapon. A jury convicted Hernandez on both counts, and the court sentenced him to 54 months in prison. That sentence was made consecutive to a longer sentence already in place on convictions for rape and criminal restraint. See *State v. Hernandez*, No. 95,187, 2007 WL 656356, at *1 (Kan. App. 2007) (unpublished opinion) (noting sentence in the contraband case was made consecutive to existing sentence in another case); *State v. Hernandez*, No. 93,952, 2006 WL 1071607, at *2 (Kan. App. 2006) (unpublished opinion) (noting the 195-month sentence on convictions for rape and criminal restraint). Our court affirmed Hernandez' conviction in the contraband case on direct appeal. See *Hernandez*, 2007 WL 656356, at *1.

In 2016, Hernandez filed a motion to correct an illegal sentence arguing that K.S.A. 2005 Supp. 21-3826, which prohibits the unauthorized possession of a weapon by a prisoner in a penal institution, could not be applied to him because he was in a county jail at the time of his offense. The State filed a response, arguing that the court should deny Hernandez' motion to correct an illegal sentence because he was trying to attack his conviction rather than his sentence.

The district court summarily denied Hernandez' motion without a hearing, finding that he was improperly trying to challenge his conviction through a motion to correct an

illegal sentence. The court also rejected Hernandez' claim that a county jail isn't a correctional institution under K.S.A. 2005 Supp. 21-3826.

Hernandez then appealed to our court.

ANALYSIS

Hernandez claims that the district court erred by summarily denying his motion without a hearing. He filed the motion as one to correct an illegal sentence under K.S.A. 22-3504. That statute allows a court to correct an illegal sentence at any time, so the motion could be heard even now, more than a decade after his contraband convictions were confirmed on appeal.

A district court may summarily deny a motion to correct an illegal sentence—that is, without holding a hearing—if it is clear from review of the record and the motion that the defendant is not entitled to relief. *State v. Storer*, 53 Kan. App. 2d 1, 5, 382 P.3d 467 (2016). We have unlimited review over a district court's summary denial of a motion to correct an illegal sentence because we have the same access to the motions, records, and files as the district court. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

Under K.S.A. 22-3504, an illegal sentence is one that (1) is imposed by a court without jurisdiction; (2) does not conform to the statutory provision, either in the character or the term of the punishment authorized; or (3) is ambiguous about the time and manner in which it is to be served. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Hernandez claims that the sentence he received for unlawful possession of contraband is an illegal sentence because he didn't commit a crime. More specifically, he claims that K.S.A. 2005 Supp. 21-3826 doesn't apply to him because he was in a county jail, not a "penal institution" as specified in the statute.

3

Hernandez agrees with the district court that he was challenging the validity of his conviction. But he argues that because he didn't commit the crime, the court didn't have the authority to sentence him—so his sentence was imposed without jurisdiction. He claims this makes it a proper motion to correct illegal sentence, since those motions can address a sentence imposed without jurisdiction.

The Kansas Supreme Court has held that a motion under K.S.A. 22-3504 cannot be used to attack the underlying conviction. See *State v. Williams*, 283 Kan. 492, 495-96, 153 P.3d 520 (2007); *State v. Nash*, 281 Kan. 600, 602, 133 P.3d 836 (2006). Rather, it is solely a vehicle used to correct an illegal sentence. See *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012); *Williams*, 283 Kan. at 495-96. So the district court properly concluded that Hernandez could not use a motion under K.S.A. 22-3504 to attack his conviction, and summary denial was appropriate.

But even if we were to reach the merits of his claim—that the court lacked jurisdiction because county jails aren't covered by the statute—he's simply wrong in that substantive claim. The statute governing Hernandez' conviction, K.S.A. 2005 Supp. 21-3826, made it unlawful to have contraband in a "correctional institution," defined to include "any state correctional institution or facility, conservation camp, state security hospital, juvenile correctional facility, community correction center or facility for detention or confinement, juvenile detention facility or jail." Under that definition, the Kansas Supreme Court held that correctional institutions included county jails. *State v. Cole,* 238 Kan. 370, 372-73, 710 P.2d 25 (1985) (explaining that the statute "prohibits possession of contraband both in state institutions under the control of the director of penal institutions and in jails"). Since the jail Hernandez was in was covered by the statute, the court had jurisdiction to sentence him.

Hernandez makes one last claim on appeal. He argues that his motion—prepared without the help of an attorney—should be construed to be a motion to arrest judgment

rather than a motion to correct an illegal sentence. Because Hernandez was self-represented when he filed the motion, the court must interpret it liberally. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). That means we must analyze its content rather than the labels and forms used to articulate the arguments. 291 Kan. at 565.

A motion for arrest of judgment is a post-verdict motion made to prevent the entry of judgment when the charging document is insufficient or the court lacked jurisdiction to try the matter. *State v. Sims*, 254 Kan. 1, 9, 862 P.2d 359 (1993). A charging document, such as a complaint, indictment, or information, is insufficient if it charges no crime. 254 Kan. at 9.

Hernandez correctly notes that a court lacks jurisdiction if it lacks the power to hear and decide a matter. *Sims*, 254 Kan. at 9. And under K.S.A. 22-3503, a court may arrest judgment at any time, so we could grant a motion to arrest judgment if Hernandez showed that the district court lacked jurisdiction over him or that the charging document was insufficient.

But this argument is really just a restatement of the one he made before: he didn't commit a crime, so the court didn't have jurisdiction over him. As we've already noted, though, unlawful possession of contraband under the statute that applied to Hernandez covered inmates who, like him, were in county jails. So the court had jurisdiction, and there are no grounds for the court to arrest judgment.

We therefore affirm the district court's judgment.