IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,080

STATE OF KANSAS,
*Appellee*,

v.

JERRY SELLERS,
*Appellant.*

SYLLABUS BY THE COURT

1.

Exceptions to K.S.A. 60-1507 as the platform for a criminal defendant's challenge to his or her conviction or sentence exist in some circumstances, and the district courts and appellate courts have jurisdiction to determine the procedural and substantive merit of such a challenge.

2.

K.S.A. 22-3503 does not provide a procedural mechanism for a criminal defendant to challenge the adequacy of a charging document on motion in the district court after a direct appeal has been pursued and decided.

Review of the judgment of the Court of Appeals from an order filed October 28, 2013, dismissing the appeal for lack of jurisdiction. Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed March 6, 2015. Judgment of the Court of Appeals dismissing the appeal is reversed, the appeal is reinstated, and the judgment of the district court is affirmed.

1

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, argued the cause and was on the brief for appellant.

*David E. Yoder*, county attorney, argued the cause, and *Derek Schmidt*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.:  This is an appeal arising from defendant Jerry Sellers' "Motion to Arrest Judgment Pursuant to K.S.A. 22-3503." Sellers argued that the charging document in his Jessica's Law case failed to include the essential element that he was age 18 or older at the time of the alleged crimes, and he relied on language in this court's decision in *State v. Portillo*, 294 Kan. 242, 256, 274 P.3d 640 (2012), which states that "K.S.A. 22-3503 allows the trial court to arrest judgment without a motion by defendant and without the time constraints of K.S.A. 22-3502."

The district court judge denied Sellers' motion. Sellers appealed. The Court of Appeals dismissed the appeal, apparently relying on *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 1, 298 P.3d 349 (2013), in which we rejected a criminal defendant's attempt to use K.S.A. 60-260(b)(4) as a procedural vehicle for collateral attack on a conviction. 297 Kan. at 125.

We hold that appellate jurisdiction exists to consider whether K.S.A. 22-3503 may afford postconviction relief in a situation such as Sellers', and we ultimately conclude that it does not.

2

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, a jury convicted Jerry Sellers on two counts of aggravated indecent liberties with a child. This court laid out the facts underlying Sellers' convictions when his case was before us on direct appeal, see *State v. Sellers*, 292 Kan. 117, 253 P.3d 20 (2011), as modified June 22, 2011, and a lengthy recitation of those facts is unnecessary for the disposition today. Highly summarized, the 13-year-old daughter of Sellers' girlfriend accused Sellers of touching her breast and pubic area on Thanksgiving morning 2007. 292 Kan. at 348-50.

Count 1 alleged:

"That on or about the 24th day of November, 2007, in Harvey County, Kansas, Jerry Dale Sellers Jr, then and there being present did unlawfully, feloniously and intentionally engage in lewd fondling or touching of MRC (DOB: 08/16/1994), a child under 14 years of age, by fondling her breast, with the intent to arouse or to satisfy the sexual desires of the victim, the defendant, or both, in violation of K.S.A. 21-3504(a)(3)(A), Aggravated Indecent Liberties with a Child, an off-grid person felony, penalties include imprisonment of life imprisonment with a mandatory minimum term of not less than 25 years, a fine not to exceed $300,000, and lifetime post-release supervision."

Count 2 was identical except for the target of Sellers' touch. Neither count alleged that Sellers was 18 or older at the time of illegal conduct, but the charging document did list Sellers' year of birth as 1971, making him well beyond 18 years old by Thanksgiving 2007.

At sentencing, the district court judge departed from the life sentence and mandatory 25-year minimum of Jessica's Law, instead imposing a 72-month sentence for

3

Count 1 and a consecutive 59-month sentence for Count 2. Sellers did not file a motion to arrest judgment in the district court before pursuing his direct appeal.

On appeal, Sellers challenged his lifetime postrelease supervision, which is required as part of a Jessica's Law sentence. See *Sellers*, 292 Kan. at 360. At sentencing, the district court judge had initially ordered 36 months' postrelease supervision but, after going off the record briefly, changed the postrelease term to life. Sellers argued that lifetime postrelease was inappropriate because the State had failed to charge and prove that he was 18 years or older. He did not, however, challenge the statutory adequacy or constitutionality of the charging document to support his prosecution overall.

Our decision in Sellers' direct appeal recognized that a defendant's age of 18 or older was an element of the off-grid Jessica's Law aggravated indecent liberties charges but noted that we had excused the State from charging and ensuring jury instructions on that element when evidence in the trial record "left no doubt that the omissions made no practical difference in the verdict." *Sellers*, 292 Kan. at 362 (citing *State v. Reyna*, 290 Kan. 666, 234 P.3d 761 [2010]; *State v. Colston*, 290 Kan. 952, 235 P.3d 1234 [2010]). When, on the other hand, there had been no such evidence, a defendant could receive only the punishment consistent with the on-grid form of the offense. *Sellers*, 292 Kan. at 362. In Sellers' case, we acknowledged, the charging document failed to allege the age element. Also, there was no express evidence of Sellers' age admitted at trial, and jurors were not instructed that they had to agree that Sellers was 18 or older when he committed the offenses. We nevertheless affirmed the postrelease supervision because it was required under K.S.A. 22-3717(d)(1)(G) for offenders convicted of a "sexually violent crime" committed after July 1, 2006. Aggravated indecent liberties under K.S.A. 21-3504—whether off-grid or on-grid—qualified as a sexually violent crime.

Following his direct appeal, Sellers timely filed a motion challenging his convictions under K.S.A. 60-1507. In the motion, Sellers alleged ineffective assistance of his appointed trial counsel. The district court held an evidentiary hearing on the motion at which Sellers and his trial counsel testified. The district court denied the motion, and the Court of Appeals affirmed. See *Sellers v. State*, No. 109,537, 2014 WL 2589785, at *3 (Kan. App. 2014) (unpublished opinion).

Five days before the evidentiary hearing on his K.S.A. 60-1507 motion, Sellers filed the motion that is the subject of this appeal. He argued that the charging document had been fatally defective and had deprived the district court of jurisdiction to convict him on either count. The district judge denied the motion, reasoning that "the Kansas Supreme Court specifically was aware of the complaint's failure to include the 18 years or older element in this case and effectively approved this omission in [its] opinion dealing with the issue of [lifetime postrelease supervision]." The district court concluded that this court would have "reversed for lack of jurisdiction on [its] own motion" on Sellers' direct appeal if there had been a concern on that issue.

Sellers filed a timely appeal to the Court of Appeals. The Court of Appeals issued a show cause order, which read in part:

> "A review of the brief and the record on appeal suggests that the sole issue on appeal is controlled by the Kansas Supreme Court's ruling in *State v. Mitchell*, 297 Kan. 118, 298 P.3d 349 (2013), where the Court made clear that K.S.A. 60-1507 provides the exclusive remedy to collaterally attack a criminal conviction and sentence."

The Court of Appeals ordered Sellers to show cause why his case should not be dismissed for lack of jurisdiction.

Sellers filed a response, arguing that his motion had been properly filed under K.S.A. 22-3503 and that *Mitchell*'s "'exclusiveness of remedy' holding has only ever been applied by the Kansas appellate courts relating to challenges to inmates relying on K.S.A. 60-260(b), 'Grounds for relief from a final judgment, order or proceeding' under the civil code."

On the same day that Sellers filed his response, the Court of Appeals dismissed the appeal without further explanation. We accepted Sellers' petition for review.

DISCUSSION

*Jurisdiction*

The only issue listed in Sellers' petition for review is one of jurisdiction, *i.e.*, whether the Court of Appeals erred in dismissing the appeal based on *Mitchell*, 297 Kan. 118, Syl. ¶ 1. Subject matter jurisdiction in the district court and appellate court raises a question of law reviewable de novo by this court. See *State v. Key*, 298 Kan. 315, 318, 312 P.3d 355 (2013).

As Sellers points out, *Mitchell* dealt with a convicted defendant's attempt to employ K.S.A. 60-260(b)—a provision of the Kansas civil code that may be invoked by a civil litigant to obtain relief from a final judgment, order, or proceeding—as a procedural vehicle for a collateral attack on a criminal conviction. 297 Kan. at 119. Sellers asserts that *Mitchell* must be read narrowly, disallowing a criminal defendant's use of K.S.A. 60-260(b) *only*.

We have already implicitly rejected Sellers' narrow reading of *Mitchell* in *State v. Kingsley*, 299 Kan. 896, 326 P.3d 1083 (2014). In *Kingsley*, this court relied on *Mitchell*

6

to hold that neither K.S.A. 60-260(b) nor K.S.A. 60-2606, a different provision discussing availability of relief in certain circumstances in civil proceedings, may be used as a platform from which to mount a collateral attack on a criminal conviction and sentence. 299 Kan. 896, Syl. ¶ 1.

But Sellers' argument focuses worthy attention on whether any earlier statement about the exclusivity of the K.S.A. 60-1507 process should be clarified. He points out, for example, that motions to correct illegal sentence have previously been recognized as valid means to the end of attacking a criminal sentence. See *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014) (K.S.A. 22-3504 motion provides vehicle to correct illegal sentence); *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013) (district court properly considered motion to correct illegal sentence filed after direct appeal).

In addition, we note that even *Mitchell* described a motion filed pursuant to K.S.A. 60-1507 as a "generally" exclusive remedy, thereby recognizing that exceptions to it existed. 297 Kan. at 121. Indeed, both K.S.A. 60-1507(e) (exclusiveness of remedy) and its implementing Supreme Court Rule 183(b) (2014 Kan. Ct. R. Annot. 286) explicitly contemplate the possibility that there may be circumstances when a K.S.A. 60-1507 motion is "inadequate or ineffective to test the legality" of a movant's custody. In such circumstances, another type of challenge would be appropriate.

Given these authorities, we hold that the Court of Appeals should not have dismissed Sellers' appeal for lack of jurisdiction, relying only on our *Mitchell* decision. The district court had subject matter jurisdiction over Sellers' motion, and the Court of Appeals had appellate jurisdiction. It should have determined whether Sellers' motion suffered from a fatal procedural or substantive flaw justifying its denial in district court.

*Appropriateness of Reliance on K.S.A. 22-3503*

Our jurisdictional ruling above leaves open the original question on appeal to the Court of Appeals: Whether Sellers may raise a collateral challenge to the charging document in a K.S.A. 22-3503 motion filed well after his direct appeal. Although we could remand this case to the Court of Appeals for determination of this question of statutory interpretation or construction in the first instance, see *State v. Hilton*, 295 Kan. 845, 852, 286 P.3d 871 (2012) (reinstating appeal after dismissal, remanding to Court of Appeals for consideration of issue presented), we elect not to do so here. The underlying factual and procedural history of this case is not in dispute, and the pure question of law is as amenable to resolution before us as it would be before the Court of Appeals.

We begin by examining the language of the statute whose application Sellers seeks to avoid; that statute, K.S.A. 2013 Supp. 22-3502, reads:

> "The court on motion of a defendant shall arrest judgment if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged. The motion for arrest of judgment shall be made within 14 days after the verdict or finding of guilty, or after a plea of guilty or nolo contendere, or within such further time as the court may fix during the 14-day period."

Sellers plainly cannot avail himself of relief under K.S.A. 2013 Supp. 22-3502 because he is years outside the time limit for filing his motion for arrest of judgment.

He has sought, instead, to bring his case under the protective umbrella of K.S.A. 22-3503, which reads: "Whenever the court becomes aware of the existence of grounds which would require that a motion for arrest of judgment be sustained, if filed, the court may arrest the judgment without motion." Sellers argues that his motion merely made the court aware of the fatal defect in the charging document, and he emphasizes language in

8

our recent *Portillo* decision, 294 Kan. at 256, noting the absence of a time limit in K.S.A. 22-3503.

Sellers also is urged upon his unconventional path by more than the mere promise of escape from the 14-day time limit in K.S.A. 2013 Supp. 22-3502. He seeks application of the standard for review of charging documents that governed in Kansas cases before this court's decision in *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), *overruled in part on other grounds by Ferguson v. State*, 276 Kan. 428, 78 P.3d 40 (2003). That standard has traditionally been understood to be more generous to defendants, judging omissions from a charging document strictly and declaring a conviction void as a remedy for any perceived fatal flaw, including the absence of mention of an essential element. See *State v. Hurd*, 298 Kan. 555, 565, 316 P.3d 696 (2013). Since the *Hall* decision, the pre-*Hall* standard for review of charging documents has been applied only when a convicted defendant has alerted a district court to the potential problem by means of a motion to arrest judgment. If, instead, a defendant does not raise the issue until the case is on direct appeal or later, the charging document is viewed less strictly and a remedy for the defense is far less likely. See *State v. Inkelaar*, 293 Kan. 414, 434, 264 P.3d 81 (2011).

As with the subject of jurisdiction, Sellers' argument counsels this court's renewed effort to achieve clarity—in this instance, on the timing of arrests of judgment under K.S.A. 22-3503.

We note first that, nearly 20 years before *Portillo* was decided, this court had imported the time limit set out in K.S.A. 22-3502 into K.S.A. 22-3503. See *State v. Sims*, 254 Kan. 1, 10, 862 P.2d 359 (1993) (time limit then 10 days after verdict).

*Portillo*, on the other hand, employed the *lack* of a time limit in the plain language of K.S.A. 22-3503 to allow relief to a defendant surprised by the State's postconviction effort to amend a presentence investigation report to reflect a current conviction of an off-grid rape subject to Jessica's Law rather than the current conviction of on-grid rape that had been charged and prosecuted. *Portillo*, 294 Kan. at 256. We recognized that the 14-day window from verdict for filing of a 22-3502 motion for arrest of judgment, as required by *Hall* to justify invocation of the pre-*Hall* standard for review of a charging document, had already closed by the time the State sought to amend the PSI. 294 Kan. at 256. The State argued that Portillo's challenge to the charging document should be subject to the post-*Hall* analysis. We disagreed, holding that the *Hall* goal of timely district court review of a challenge to the adequacy of the charging document would have been met if the district judge had acted *sua sponte* under K.S.A. 22-3503. 294 Kan. at 256-57.

The procedural posture of this case bears no resemblance to that before us in *Portillo* or in *Sims*, each of which contemplated district judge action before the district court was divested of jurisdiction by the docketing of a direct appeal. They also contemplated *sua sponte* district judge action, not action prompted by the filing of a defense motion. This is in keeping with the plain language of the statute, which specifies that the court may arrest judgment "without motion." K.S.A. 22-3503.

Were we to interpret or construe K.S.A. 22-3503 to apply when there has been a defense motion, K.S.A. 2013 Supp. 22-3502 and its time limitation would be rendered a nullity. Such a holding would not only contradict the plain language of K.S.A. 22-3503; it also would run afoul of our usual presumption that the legislature does not enact meaningless statutes. See *State v. Frierson*, 298 Kan. 1005, 1012-13, 319 P.3d 515 (2014).

K.S.A. 22-3503 is not a procedural vehicle that supports a defense motion for arrest of judgment long after a direct appeal has been pursued and decided. It is meant to permit a district judge to arrest judgment *sua sponte* before a direct appeal is taken.

Before closing, we also note that the district court overread our holding in Sellers' direct appeal. It was limited to the postrelease issue. See *Sellers*, 298 Kan. at 363. This court did not decide whether the charging document conferred subject matter jurisdiction on the district court. The import of our decision today is that, if Sellers still wishes to challenge the adequacy of the charging document, he needs to employ a procedural mechanism other than K.S.A. 22-3503. And, substantively, he will need to deal with any legal effect of the inclusion of his birthdate, a birthdate that meant he had reached his mid-30s on Thanksgiving 2007, the day of the crimes.

CONCLUSION

Because the Court of Appeals erred in dismissing this appeal, it is reinstated. However, no relief is due the defendant on his motion under K.S.A. 22-3503, and the judgment of the district court is therefore affirmed.