NOT DESIGNATED FOR PUBLICATION

No. 114,255

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD ARTHUR SPEAR, III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed August 26, 2016. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Keith E. Schroeder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Edward Arthur Spear, III, appeals from the district court's decision dismissing his motion to set aside a judgment he contends is void. Specifically, Spear maintains that his aggravated indecent liberties with a child conviction was in the wrong county. In support of this contention, he argues that the district court erred in dismissing his motion without an evidentiary hearing. Finding no error in the district court's decision, however, we affirm the district court's dismissal of the motion.

1

In May 2008, the State charged Spear with one count of aggravated indecent liberties with a child in Reno County. The victim testified at the preliminary hearing that Spear had molested her ten times over the course of 2 months. As a result, the State filed an amended complaint charging him with ten counts of aggravated indecent liberties with a child. In a bill of particulars, the State listed the same basic allegation ten times. The State alleged in each count that the illegal activity occurred sometime in August and September 2007 inside the same specific residence in Reno County.

A jury trial commenced on February 9, 2010. Prior to its deliberations, the district court instructed the jury that in order to find Spear guilty, it must find each count to have occurred in August or September 2007 in Reno County. Ultimately, the jury returned a verdict of guilty on the first six counts and a verdict of not guilty on the remaining four counts. On March 5, 2010, the district court sentenced Spear to concurrent life sentences without the possibility of parole for 620 months.

On direct appeal, Spear challenged the sufficiency of the evidence to support four of the six convictions. The Kansas Supreme Court agreed with his argument and determined that there was insufficient evidence to support his convictions for those four counts. The Court, therefore, reversed those four convictions and vacated the resulting sentences. *State v. Spear*, 297 Kan. 780, 797, 304 P.3d 1246 (2013).

On February 9, 2015, Spear filed a pro se motion to set aside a void judgment, arguing that the district court lacked jurisdiction to convict him in Reno County for incidents the State alleged he committed in McPherson County. The motion sought relief under K.S.A. 22-3503, which allows a district court to arrest judgment without a motion "[w]henever the court becomes aware of the existence of grounds which would require that a motion for arrest of judgment be sustained." On February 17, 2015, the district

court entered an order dismissing Spear's motion because the complaint clearly alleged that the offenses occurred in Reno County; the bill of particulars filed by the State clearly alleged that the offenses occurred inside a specific residence located in Reno County; and the jury was clearly instructed that in order to find him guilty, it must find that the offenses occurred in Reno County. Thereafter, Spear filed a notice of appeal.

ANALYSIS

On appeal, Spear contends that the district court erred in summarily dismissing his postconviction motion. The district court did not hold an evidentiary hearing on the motion, so we are in as good a position to decide Spear's motion as the district court. See *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014) (reviewing de novo a district court's denial of a K.S.A. 60-1507 motion based only on the motions, files, and records after a preliminary hearing because the appellate court is in just as good of a position as the district court to consider the merits).

When reviewing a mixed question of fact and law, an appellate court applies a bifurcated review standard. We review the district court's factual findings under a substantial competent evidence standard, and we review its conclusions of law based on those facts under a de novo standard. See *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013). Substantial competent evidence is evidence a reasonable person might accept as sufficient to support a conclusion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). Moreover, whether subject matter jurisdiction exists is a question of law over which we exercise unlimited review. See *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015).

Spear's motion was filed under K.S.A. 22-3503, which states that a district court can arrest judgment without a motion whenever it becomes aware of reasons that would require it to do so. K.S.A. 22-3503 does not, however, provide a procedural mechanism

3

for a criminal defendant to challenge the adequacy of a charging document on a motion filed in the district court after a direct appeal has been decided. *Sellers*, 301 Kan. 547 ("K.S.A. 22-3503 is not a procedural vehicle that supports a defense motion for arrest of judgment long after a direct appeal has been pursued and decided. It is meant to permit a district judge to arrest judgment *sua sponte* before a direct appeal is taken.").

On appeal, Spear appears to reject K.S.A. 22-3503 as the basis for his motion. Instead, he cites K.S.A. 2015 Supp. 22-3502, which states:

> "The court on motion of a defendant shall arrest judgment if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged. The motion for arrest of judgment shall be made *within 14 days after the verdict or finding of guilty*, or after a plea of guilty or nolo contendere, or within such further time as the court may fix during the 14-day period." (Emphasis added.)

Spear acknowledges that he filed his motion more than 14 days after the verdict, and he appears to concede that his motion was untimely filed as a motion to arrest judgment. See *Sellers*, 301 Kan. at 547 (stating that applying K.S.A. 22-3503 when there has been a defense motion would render 22-3502 and its time limitation a nullity and would not only contradict the plain language of K.S.A. 22-3503 but also would run afoul of the presumption that the legislature does not enact meaningless statutes). Thus, we find that that because Spear's motion was not a timely-filed motion for arrest of judgment, the district court properly dismissed it.

Nevertheless, Spear argues for the first time on appeal that we should consider his postconviction motion as K.S.A. 60-1507 motion. But K.S.A. 60-1507(f) imposes a 1-year time limitation on K.S.A. 60-1507 motions. Spear notes that because his motion was filed more than 1 year after his direct appeal became final, he would need to show manifest injustice in order to obtain a hearing on the merits of the motion. See K.S.A. 60-1507(f)(2). However, rather than argue why manifest injustice exists for this court to

consider his out-of-time motion, he argues the merits of his claim. As such, Spear has failed to show that we should consider his motion as a K.S.A. 60-1507 motion.

Finally, even if we could consider the argument Spear advanced in his motion, we would affirm the district court's dismissal because the argument has no merit. In his motion, Spear maintained that he was wrongly convicted in Reno County for acts that allegedly occurred in McPherson County. But the district court's findings that Spear was charged in Reno County for illegal acts that allegedly occurred in Reno County, that the State presented evidence at trial that the acts occurred in Reno County, and that the jury found beyond a reasonable doubt that Spear was guilty of crimes that he committed in Reno County are supported by substantial competent evidence in the record.

Spear argues that the district court's admission at trial of prior crimes evidence regarding acts that occurred in 2005 and 2006 in McPherson County "added to the confusion surrounding the case." But the jury was clearly instructed that Spear was only being charged in this case with crimes that occurred in Reno County. As such, we fail to see how evidence of prior crimes committed in a different county would have confused the jury about where Spears committed the crimes for which he was convicted in this case.

We, therefore, find no error in the district court's dismissal of Spear's motion to set aside a void judgment.

Affirmed.

5