NOT DESIGNATED FOR PUBLICATION

No. 117,255

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRAIG PITTMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed May 11, 2018. Affirmed in part, vacated in part, and remanded with directions.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant, and *Craig Pittman*, appellant pro se.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: This appeal reflects Defendant Craig Pittman's latest effort to challenge his convictions and sentences for aggravated kidnapping, aggravated criminal sodomy, and several other crimes—an ongoing endeavor that has regularly occupied him since a Johnson County District Court jury found him guilty 18 years ago. We find the district court incorrectly resentenced Pittman to 117 months in prison on the aggravated criminal sodomy conviction in 2012 and, therefore, vacate that sentence and remand with

directions to impose the original sentence of 109 months. We otherwise reject Pittman's current challenges and affirm the district court's denial of them.

For purposes of resolving this appeal we need not recount the facts underlying the criminal charges. Nor do we have to catalogue the numerous motions and other filings Pittman has presented over the years. What follows is an abbreviated version sufficient to place our review in context.

In 2000, a jury convicted Pittman of aggravated kidnapping, aggravated criminal sodomy, aggravated burglary, criminal threat, battery, and violation of a protection from abuse order. The district court sentenced Pittman to serve 272 months in prison for the aggravated kidnapping conviction to be served consecutive to 109 months in prison for the aggravated sodomy conviction. Pittman received concurrent sentences on the other convictions, so he had a controlling term of imprisonment of 381 months. The 272-month sentence for the aggravated kidnapping reflected a standard presumptive guidelines sentence for a defendant with a criminal history category of C. The 109-month sentence for aggravated sodomy was a mitigated presumptive sentence without taking into account Pittman's criminal history. In a multiple conviction case, a defendant's criminal history category is used to establish the "base sentence" for the "primary crime"—for Pittman that was the aggravated kidnapping charge—and the presumptive sentences for the remaining convictions are determined without considering a defendant's criminal history.

Pertinent here, in 2012, this court determined that Pittman's criminal history category should have been G rather than C, thereby lowering the presumptive guidelines sentence for the aggravated kidnapping conviction as the primary crime. *State v. Pittman*, No. 104,214, 2012 WL 222950, at *6 (Kan. App. 2012) (unpublished opinion). As a result of that mistake, Pittman received an illegal sentence. We remanded to the district court with directions to resentence Pittman.

2

On remand, the district court sentenced Pittman to 195 months on the aggravated kidnapping conviction, reflecting the standard presumptive guidelines sentence for a defendant in criminal history category G. The district court then imposed a standard presumptive guidelines sentence of 117 months on the aggravated criminal sodomy conviction—an eight-month increase over what Pittman had originally received. The district court again required Pittman to serve those sentences consecutively, yielding a controlling term of incarceration of 312 months.

Pittman then drafted and filed a series of motions in the district court challenging the sentence, the aggravated kidnapping conviction, and other aspects of his criminal history. After appointing counsel to represent Pittman, the district court denied the motions. Pittman has appealed. Pittman's appointed appellate lawyer has filed a brief, and Pittman has written and filed his own supplemental brief with additional issues. The State has filed a brief responding to those submissions. We, of course, have considered all of them.

Pittman argues that the increase in his sentence for the aggravated criminal sodomy conviction from 109 months to 117 months was the product of judicial vindictiveness by the district court and, therefore, must be reversed. Although the appellate record doesn't indicate bad intent on the district court's part, the Kansas Supreme Court presumes vindictiveness when faced with an otherwise unexplained increase in a defendant's punishment on resentencing. *State v. Cooper*, 275 Kan. 823, Syl. ¶ 6, 69 P.3d 559 (2003). The district court offered no explanation for Pittman's increased sentence. A benign (and reasonable) inference from the record suggests the district court assumed it had originally imposed a midrange guidelines sentence on Pittman for the aggravated sodomy conviction rather than a mitigated sentence and proceeded on that mistaken assumption to impose the longer midrange term on resentencing. We need not wade deeper into that morass to sort out the district court's intent or purpose.

3

Another problem renders the 117-month sentence illegal. The Kansas Supreme Court has held that K.S.A. 21-4720(b)(5), now codified at K.S.A. 2017 Supp. 21-6819(b)(5), limits the district court's authority in resentencing a defendant with multiple convictions when a sentence on one of those convictions has been vacated on appeal. On remand, the district court may consider only the sentence that has been vacated; it cannot alter any of the other sentences. *State v. Guder*, 293 Kan. 763, 766-67, 267 P.3d 751 (2012). That limitation applies to Pittman. The error in Pittman's criminal history classification affected only the sentence for aggravated kidnapping as the primary crime. In turn, Pittman's criminal history had no bearing on his sentence for aggravated criminal sodomy. Accordingly, the district court, on remand, had the authority to modify only the sentence for aggravated kidnapping. Under *Guder*, the district court had to leave the 109-month sentence for aggravated criminal sodomy undisturbed.

The district court's increase in the term of incarceration from 109 to 117 months—for whatever reason—resulted in an illegal sentence. K.S.A. 22-3504(1); *State v. Hilt*, 307 Kan. 112, 126, 406 P.3d 905 (2017) (illegal sentence "does not conform" to applicable statutory requirements in either character or "term of . . . punishment"). We, therefore, vacate the 117-month sentence the district court imposed on Pittman for the aggravated criminal sodomy conviction and remand for resentencing on that conviction.

For his second issue on appeal, Pittman challenges the legal adequacy of his conviction for aggravated kidnapping because the relevant jury instruction included an alternative element of the offense in addition to what was charged in the complaint. At this juncture, the claim fails for numerous reasons.

The additional element amounted to an amendment of the complaint by implication during Pittman's trial. A complaint may be amended at any time before verdict, so long as the change neither charges a new crime nor prejudices "substantial rights of the defendant." K.S.A. 22-3201(e). The issue is one that could have and should

4

have been raised on direct appeal. In any event, the jury instruction did not describe a new crime, and Pittman has not pointed to any actual prejudice attributable to the instruction.

Pittman also suggests he is entitled to relief based on the district court's authority to arrest judgment on its own initiative, as provided in K.S.A. 22-3503. A judgment may be arrested when the complaint fails to charge a crime or the district court lacks jurisdiction over the crime charged. Neither was true as to the aggravated kidnapping charge against Pittman. Moreover, a district court cannot act under K.S.A. 22-3503 to arrest a judgment after a direct appeal. *State v. Sellers*, 301 Kan. 540, 547, 344 P.3d 950 (2015). A criminal defendant may move for an arrest of judgment promptly after the jury's verdict. K.S.A. 22-3502. Pittman did not do so. All avenues for relief by way of an arrest of judgment have long been closed to Pittman.

Pittman further seems to suggest he may upend the conviction by challenging the resulting sentence as illegal. Although a motion to correct an illegal sentence may be filed at any time, Pittman cannot attack an underlying conviction that way. See K.S.A. 22-3504(1) (correction of illegal sentence); *State v. Cotton*, 306 Kan. 156, 159, 392 P.3d 116 (2017) (motion to correct illegal sentence "wrong vehicle" to attack conviction).

In short, the conviction for aggravated kidnapping remains intact. Pittman has failed to marshal a viable legal argument undermining its validity.

For his last issue on appeal, Pittman says his criminal history was overstated, at least as we understand his somewhat diffuse argument, because a felony habitual violator conviction was, in turn, based on uncounseled convictions for traffic offenses and, therefore, should not have been scored. Until 1999, driving after being adjudicated a habitual violator was a nonperson felony. See L. 1999, ch. 164, § 2; K.S.A. 8-287. For purposes of addressing the issue, we assume the legal premise of Pittman's argument.

5

That is, a felony habitual violator conviction in which the defendant was represented by counsel should not be counted for criminal history purposes if the defendant had no legal representation in one or more of the underlying convictions supporting the habitual violator charge. See K.S.A. 8-285 (person may be adjudicated a habitual violator if convicted of three or more specified offenses within preceding five years).

By challenging his criminal history classification at this point in his case, Pittman bears the burden of proving the asserted error by a preponderance of the evidence. K.S.A. 2017 Supp. 21-6814(c). Pittman relies on municipal court records for three convictions for driving with a suspended license that support his adjudication as a habitual violator. Two of the records have places where the presiding judge or a court clerk is to indicate specifically whether a defendant appeared with a lawyer or whether he or she did not. The records for Pittman's convictions contain no indication one way or the other. The third record simply establishes the conviction. Pittman offered no other evidence. Based on what Pittman has submitted, he has failed to carry his burden of proof to show he was not represented by a lawyer in any of the prosecutions for driving while suspended. Accordingly, even accepting his legal theory, he has not presented facts to support it. We, therefore, find no error in Pittman's criminal history on the grounds he has now asserted.

We vacate Pittman's sentence for aggravated criminal sodomy and remand to the district court with directions that the original sentence of 109 months on that conviction be reinstated. We otherwise affirm.