NOT DESIGNATED FOR PUBLICATION

No. 118,220

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JERRY D. SELLERS, JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed October 12, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*David E. Yoder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM: Jerry D. Sellers, Jr. was convicted of two counts of aggravated indecent liberties with a child in 2008. He filed a direct appeal and the Kansas Supreme Court affirmed his convictions but ordered him resentenced. Sellers filed a motion under K.S.A. 60-1507, as well as a motion to arrest judgment. Both were denied and appealed separately. Pertinently, Sellers' K.S.A. 60-1507 motion alleged that his trial counsel was ineffective.

After he lost the appeal on his K.S.A. 60-1507 motion, Sellers filed another 60-1507 motion making largely the same arguments except he substituted his first 60-1507

1

counsel for his trial counsel. The district court summarily dismissed the motion and Sellers brings this appeal. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts in this case are set out in *State v. Sellers*, 292 Kan. 346, 253 P.3d 20 (2011). Sellers was convicted of two counts of aggravated indecent liberties with a child. The district court sentenced Sellers to consecutive 72-month and 59-month terms of imprisonment. On his direct appeal, the Kansas Supreme Court affirmed Sellers' conviction but ordered him resentenced due to improperly ordered lifetime electronic monitoring. 292 Kan. at 363. Sellers was resentenced on November 1, 2011.

Sellers filed a timely K.S.A. 60-1507 motion, arguing that his trial counsel was ineffective. In his motion, Sellers argued that his trial counsel:  (1) provided incorrect advice about the evidence necessary to prove guilt; (2) failed to investigate possible alibis; (3) failed to properly educate himself on techniques and strategies involved in child sex cases; (4) failed to obtain an expert in child interview techniques; (5) failed to use "'anatomically correct life-size dolls'" to show physical impossibility of the crime; (6) failed to investigate possible defenses arising out of sexual abuse syndrome; (7) did not prepare to impeach the State's witnesses; (8) failed to object to the State's closing arguments; and (9) did not preserve an argument that his postrelease conditions amounted to cruel and unusual punishment.

The district court appointed counsel to represent Sellers for his motion. Sellers' appellate counsel also filed a motion to arrest judgment. That motion was denied and the denial was eventually appealed to the Kansas Supreme Court. Our Supreme Court affirmed the district court's decision on the motion to arrest judgment. *State v. Sellers*, 301 Kan. 540, 548, 344 P.3d 950 (2015).

The district court held a full evidentiary hearing on Sellers' K.S.A. 60-1507 motion. Sellers and his trial counsel testified at the hearing. The district court denied the motion and Sellers appealed. See *State v. Sellers*, No. 109,537, 2014 WL 2589785 (Kan. App. 2014) (unpublished opinion). In that appeal, Seller focused on his argument that his trial counsel was inadequate because trial counsel did not obtain an expert on child interview techniques. This court affirmed the district court's denial of Sellers' first K.S.A. 60-1507 motion. 2014 WL 2589785, at *3. The mandate was issued on April 29, 2015.

On June 17, 2015, Sellers filed his second motion under K.S.A. 60-1507, which is the subject of this appeal. In his second motion Sellers argues that his appellate counsel was ineffective. Specifically, Sellers argues that his appellate counsel: (1) failed to investigate possible alibis; (2) failed to obtain experts on child interview techniques; (3) provided incorrect information regarding the use of anatomically correct dolls; and (4) focused on "his continued personal agenda" by moving for an arrest of judgment and arguing that the charging document was insufficient. Sellers also argues that the district court abused its discretion when it ruled against his argument regarding anatomically correct dolls. Finally, Sellers argues that the district court acted improperly by construing his motion "'literally' and not 'liberally'" and bolstering his trial counsel's testimony.

The district court summarily denied Sellers' motion because it was "a second motion for similar relief" on October 13, 2015. Sellers timely appeals.

WOULD DISMISSING SELLERS' MOTION
AS UNTIMELY RESULT IN MANIFEST INJUSTICE?

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2017 Supp. 60-1507(f)(1). The time limitation may be extended by the district court only to prevent a manifest injustice. K.S.A. 2017 Supp. 60-1507(f)(2). Manifest injustice must be determined from the totality of the circumstances.

3

*Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). In determining whether manifest injustice exists, the court should consider this nonexhaustive list of factors: (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, i.e., factual, not legal, innocence. See *Vontress,* 299 Kan. at 616.

After *Vontress*, the Legislature amended K.S.A. 60-1507(f) to limit the court's consideration of what constitutes manifest injustice. L. 2016, ch. 58, § 2. The amendment only allows a court to consider: "(1) a movant's reasons for the failure to timely file the motion (*Vontress*' first factor) or (2) a movant's claim of actual innocence (*Vontress*' third factor)." *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). The amendment did not adopt the second *Vontress* factor, nor did it allow for other nonlisted factors. *White*, 308 Kan. at 496.

For Sellers to succeed, he must satisfy a significant threshold issue. The Kansas Supreme Court has held that a defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). Sellers does not affirmatively assert manifest injustice in his motion. Therefore, Sellers' motion is procedurally barred. See *Trotter*, 296 Kan. at 905. In his brief, Sellers acknowledges the defect and argues this court should address the case regardless. His argument does not set forth any reasoning why we should do so.

Sellers also argues that his motion is not untimely because his second K.S.A. 60-1507 motion was filed within one year of the mandate issued in the first. He does not cite any authority which would support this claim. Generally, an issue not briefed is deemed

4

abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). In all events, Sellers' argument is unpersuasive. The statute makes it clear that the timing of the one year limitation begins at the "final order of the last appellate court in this state to exercise jurisdiction *on a direct appeal* or the termination of such appellate jurisdiction." (Emphasis added.) K.S.A. 2017 Supp. 60-1507(f)(1)(A). To file outside the time limit, it was incumbent on Sellers to establish that manifest justice would exist if his motion was not considered. He has not done so.

After the parties in this case filed their briefs the Kansas Supreme Court addressed the issue of whether the 2016 amendment to K.S.A. 60-1507(f) applies retroactively. The Kansas Supreme Court in *White* held that movants who filed their K.S.A. 60-1507 motions before July 1, 2016, had a vested right to argue under the *Vontress* test, including the second factor or any other factor that could establish manifest injustice. *White*, 308 Kan. at 502.

Sellers was originally sentenced in 2008. He was resentenced in 2011. Sellers filed his second K.S.A. 60-1507 motion in June 2015, well after the one-year time limitation set out in K.S.A. 60-1507(f). The motion was also filed before the Legislature amended the statute. The *White* court made it clear that this court should apply the *Vontress* test to determine whether the time limitation should be extended to prevent manifest injustice. See *White*, 308 Kan. at 502. Therefore, this court must determine whether Sellers established that manifest injustice would exist if the court did not extend the time limitation period.

To determine whether manifest injustice exists under the *Vontress* test, it must be determined: (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the K.S.A. 60-1507 motion within the time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a

5

colorable claim of actual innocence, i.e., factual, not legal, innocence. See *Vontress,* 299 Kan. at 616.

Under the first factor, Sellers claims that he could not make a claim of ineffective assistance during his first K.S.A. 60-1507 motion in time because the decision on that motion was not final until after a year had passed. Sellers' arguments in this case primarily focus on the ineffectiveness of his first K.S.A. 60-1507 counsel, but the underlying issues relate back to his trial counsel. The only new issues are conclusory and unsupported. The alleged ineffectiveness of Sellers' 60-1507 counsel is unpersuasive. Sellers does not allege any persuasive reasons or circumstances that prevented him from filing his second motion. See 299 Kan. at 616.

As to the second factor, the issue that must be determined is whether Sellers raised substantial issues of law or fact that deserved the district court's attention in his motion. The issues Sellers raises are, for the most part, the same issues that he raised in his first motion. There is only minimal difference between the first and second motions. The only difference is that Sellers claims that his counsel for the first motion was ineffective but his claims are essentially the same reasons he claimed his trial counsel was ineffective.

In a similar case, the Court of Appeals considered a movant's successive motion under K.S.A. 60-1507 where the movant's second motion primarily focused on the ineffectiveness of his counsel on the first motion. *Sperry v. State*, No. 112,143, 2016 WL 2942280 (Kan. App. 2016) (unpublished opinion). In *Sperry*, this court noted that "the gravamen of Sperry's complaint is focused on his trial counsel's ineffectiveness." 2016 WL 2942280, at *4. The court was "not persuaded that Sperry's first motion counsel 'did not present to the district court the failings of trial counsel.'" 2016 WL 2942280, at *5. Sperry did not raise any new compelling issues and the court held that Sperry's motion was successive without a showing of exceptional circumstances. 2016 WL 2942280, at *5.

6

The only truly new issue that Sellers raises in this case is that his counsel's "personal agenda" flowed into Sellers' case to Sellers' detriment. Sellers argues that his counsel wanted to remain on the appeal of the case so that Sellers could not argue that he was ineffective. Further, Sellers claimed that his counsel's work was "perfunctory and lackadaisical." Nothing in the record supports Sellers' argument, and it is merely conclusory. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Sellers' counsel for the first 60-1507 motion helped Sellers present his arguments and appealed what he thought to be the strongest issues. See *Sellers*, 2014 WL 2589785.

One other argument that could possibly be considered new is that the district court misstated the law on anatomically correct dolls and that the court erred by "'literally'" and not "'liberally'" construing Sellers' first motion under K.S.A. 60-1507. But like his other arguments, Sellers' arguments here are conclusory or have already been addressed.

Finally, under the third *Vontress* factor, Sellers did not make a colorable claim of actual innocence. The closest Sellers came to this was repeating his argument that anatomical dolls would show the impossibility of the acts alleged.

Ultimately, Sellers fails to assert manifest injustice or meet his burden to show that manifest injustice exists.

DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING SELLERS' MOTION?

Regardless of whether Sellers could overcome the determination that his motion was not timely, he cannot show that the district court erred when it summarily dismissed his motion.

7

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales*, 300 Kan. at 881.

The standard of review depends upon which of these options a district court utilizes. 300 Kan. at 881.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

K.S.A. 2017 Supp. 60-1507 allows a prisoner in custody to challenge their sentence under certain circumstances. In order to prevail, the movant must establish by a preponderance of the evidence either:  (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2017 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2018 Kan. S. Ct. R. 223) (preponderance burden).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be

8

evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a "second" or "successive" motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]); see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

The sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *Trotter*, 296 Kan. at 904 (citing K.S.A. 60-1507[c]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2.

Supreme Court Rule 183(d) (2018 Kan. Ct. R. 225) provides:

"A sentencing court may not consider a second or successive motion for relief by the same movant when:

(1) the ground for relief was determined adversely to the movant on a prior motion;

(2) the prior determination was on the merits; and

(3) justice would not be served by reaching the merits of the subsequent motion."

Essentially, for the district court to be required to hear a successive motion the movant must show "exceptional circumstances." *Wimbley v. State*, 292 Kan. 796, 805, 275 P.3d 35 (2011). Exceptional circumstances "'are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion.'" 292 Kan. at 805 (quoting *Holt*, 290 Kan. at 496).

Nothing presented by Sellers rises to the level of exceptional circumstances as discussed in *Wimbley*, 292 Kan. at 805. As previously set forth, all of Sellers' arguments have already been raised and ruled on by various courts or are merely conclusory and

unsupported. See *Sellers*, 2014 WL 2589785. Sellers has failed to meet his burden to show that exceptional circumstances existed which would allow the district court to hold a hearing on his motion. See *Wimbley*, 292 Kan. at 805.

Affirmed.