NOT DESIGNATED FOR PUBLICATION

No. 123,331

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALE M.L. DENNEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 5, 2021. Reversed and remanded with directions.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., HURST, J., and MCANANY, S.J.


PER CURIAM:  Dale M.L. Denney appeals from the district court's denial of his pro se motions seeking DNA testing under K.S.A. 2020 Supp. 21-2512. In particular, the district court found that it lacked jurisdiction to consider Denney's motions. On appeal, Denney argues that the district court incorrectly found that it could not consider the merits of his request for DNA testing while an appeal was pending in this court. Based on the current status of Kansas law, we conclude that the district court has subject matter jurisdiction to consider Denney's request for DNA testing on the merits. Accordingly, we reverse the district court's decision and remand the case for further proceedings.

1

Nearly 30 years ago, a jury convicted Denney of two counts of aggravated criminal sodomy, two counts of aggravated sexual battery, one count of aggravated battery, and two counts of an aggravated weapons violation in two separate cases. The district court sentenced him to 228 months in prison in one case and to a consecutive 36 years to life in the other case. Denney's convictions and sentences were affirmed by the Kansas Supreme Court on direct appeal. *State v. Denney*, 258 Kan. 437, 905 P.2d 657 (1995).

Since 1995, Denney has filed numerous postconviction motions and appeals. He has also filed original actions with the Kansas appellate courts. See *State v. Denney*, No. 122,105, 2021 WL 3701164, at *1 (Kan. App. 2021) (unpublished opinion). In 2002, Denney filed a motion for DNA testing under K.S.A. 21-2512. Because of a delay in reporting the crime, there was no biological material available to test in one of the cases, but the district court ordered that several items be tested in the other case. Ultimately, the district court dismissed the motion after the results proved unfavorable to Denney. The district court's ruling was subsequently affirmed by the Kansas Supreme Court. *State v. Denney*, 283 Kan. 781, 795, 156 P.3d 1275 (2007) (affirming the district court's dismissal of the motion after finding the DNA results were unfavorable to Denney); see *State v. Denney*, 278 Kan. 643, 101 P.3d 1257 (2004).

On March 17, 2020, Denney filed another pro se motion for DNA testing. See K.S.A. 2020 Supp. 21-2512. In the motion, Denney alleged—among other things—that a law enforcement officer may have planted his collected saliva on the anal swabs taken from one of the victims. Specifically, Denney requests DNA testing with "RFLP-Techniques" to identify the biological material present on the samples. About two months later, Denney filed a related pro se "Motion for Immediate Remedy" under K.S.A. 21-2512 in which he alleged that the district attorney committed fraud upon the court by

2

informing the district court that the rectal swab contained DNA consistent with Denney's profile.

On June 17, 2020, the district court summarily denied the motions for lack of jurisdiction. The district court explained that Denney had docketed another appeal with this court on November 8, 2019. As a result, the district court determined that it "is without jurisdiction to consider motions while [that] appeal is pending." Denney then filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in dismissing Denny's request for additional DNA testing based on a finding that it lacked jurisdiction. In particular, Denney argues that the district court erred in denying his motion for additional DNA testing because it lacked jurisdiction. In response, the State does not deny that the district court has jurisdiction to consider Denney's request for additional DNA testing but argues that we should affirm the district court as right for the wrong reason. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (If a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision.).

Subject matter jurisdiction in the district court raises a question of law which we review de novo. See *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015). In reviewing this jurisdictional issue, we must also interpret the language of K.S.A. 2020 Supp. 21-2512. Statutory interpretation likewise presents a question of law over which appellate courts have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be determined. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). When a statute is plain and unambiguous, we are not to

3

speculate about the legislative intent behind that clear language, and we must refrain from reading something into the statute that is not readily found in its words. *State v. Ayers*, 309 Kan. 162, 164, 432 P.3d 663 (2019).

K.S.A. 2020 Supp. 21-2512 provides, in relevant part:

"(a) Notwithstanding any other provision of law, a person in state custody, *at any time after conviction* for murder in the first degree . . . or for rape . . . may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) of any biological material that:
"(1) Is related to the investigation or prosecution that resulted in the conviction;
"(2) is in the actual or constructive possession of the state; and
"(3) was not previously subjected to a DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelih . ood of more accurate and probative results.

. . . .

"(e) The court may *at any time* appoint counsel for an indigent applicant under this section." (Emphases added.)

While this appeal was pending, the Kansas Supreme Court held that the language of K.S.A. 2020 Supp. 21-2512 provides that a request for DNA testing may be brought "at any time" even when an appeal is pending. *State v. Thurber*, 313 Kan. 1002, 1009, 492 P.3d 1185 (2021). Although our Supreme Court reiterated the general rule that district courts lose jurisdiction once an appeal is docketed, it concluded in *Thurber* that the specific language of K.S.A. 2020 Supp. 21-2512 "grants continuing jurisdiction to 'the court that entered the judgment' to consider a petition for DNA testing 'at any time' following conviction and to appoint counsel 'at any time,' regardless of other ongoing proceedings." 313 Kan. at 1009. As a result, a defendant need not wait for resolution of a pending appeal to make a postconviction request for DNA testing.

4

We recognize that the district court did not have the benefit of the Kansas Supreme Court's holding in *Thurber* when it denied Denny's motions. Even so, both this court and the district court are duty-bound to follow the precedent of our Supreme Court. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). As a result, we must apply the holding of *Thurber* in this case and conclude that the district court has subject matter jurisdiction to consider Denney's request for additional DNA testing under K.S.A. 2020 Supp. 21-2512 on the merits even though he had an appeal pending in this court when his motions were filed.

Nevertheless, the State asks us to consider the merits of Denney's request for DNA testing and to find that the district court was right for the wrong reason. Although we recognize that the biological material was subjected to previous DNA testing in 2002 and that the results were not favorable to Denney, we are not in a position—based on the record before us—to rule on the merits of Denny's current request for testing. In particular, we are unable to determine from the record whether Denney is correct in asserting that there are new DNA testing techniques that can provide "more accurate and probative results" than those obtained nearly 20 years ago. Thus, we follow the Kansas Supreme Court's lead in *Thurber* and remand Denney's request for additional DNA testing to the district court for ruling on the merits.

Reversed and remanded with directions.