NOT DESIGNATED FOR PUBLICATION

No. 123,821

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN E. GOODPASTURE JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR and MARTIN J. ASHER, judges. Opinion filed April 22, 2022. Appeal dismissed.

*Jonathan B. Phelps*, of Phelps-Chartered, of Topeka, for appellant.

*Sherri L. Becker*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: John E. Goodpasture Jr. appeals the district court's decision to summarily dismiss his K.S.A. 60-1507 motion for lack of jurisdiction. In 2001, Goodpasture was convicted of conspiracy to commit aggravated burglary. He has completed his sentence and is no longer in custody for this conviction. In 2020, Goodpasture filed a K.S.A. 60-1507 motion, alleging ineffective assistance of counsel and that new evidence proved his innocence. But a motion for relief under that statute can be filed only by a "prisoner in custody under sentence of a court." K.S.A. 2020 Supp. 60-1507(a). The district court properly dismissed Goodpasture's motion for lack of jurisdiction, and for the same reason we dismiss his appeal.

1

FACTS

In 2000, the State charged Goodpasture with first-degree murder. In 2001, following plea negotiations, Goodpasture pled no contest to conspiracy to commit aggravated burglary. The district court sentenced Goodpasture to 16 months' imprisonment but granted probation for 24 months. In November 2002, Goodpasture violated the conditions of his probation by driving under the influence (DUI). The district court revoked Goodpasture's probation and imposed his original sentence.

In 2016, Goodpasture moved to withdraw his plea. In the motion, Goodpasture asserted that he entered his no-contest plea under duress. The district court denied the motion as untimely but also found that Goodpasture failed to show that his plea was involuntary. A panel of this court affirmed the district court's decision. *State v. Goodpasture*, No. 118,971, 2018 WL 6426417 (Kan. App. 2018) (unpublished opinion). In so deciding, the panel noted that it was undisputed that Goodpasture had completed his sentence by 2006. 2018 WL 6426417, at *1.

On March 9, 2020, Goodpasture filed the instant K.S.A. 60-1507 motion and various supplemental pleadings. Goodpasture asserted that he had a colorable claim of actual innocence because new evidence would exonerate him. Goodpasture also alleged he received ineffective assistance of counsel. Goodpasture acknowledged that he had served his sentence in prison for this conviction, but he alleged that his wrongful conviction here has led to a harsher sentence in three later DUI cases. The State moved to dismiss the motion, asserting that Goodpasture had served his sentence. The State also argued that Goodpasture's motion was successive and untimely.

On December 23, 2020, the district court summarily dismissed Goodpasture's motion, finding that "he is not in custody under the Kansas sentence he is attempting to challenge." Goodpasture later filed a pro se objection to the district court's findings of

2

fact and conclusions of law and claimed the district court should have provided him relief under K.S.A. 60-260 and K.S.A. 60-2606. The district court denied Goodpasture's objections, reaffirming that it lacked jurisdiction over his motion. Goodpasture timely filed a notice of appeal, and the district court appointed counsel for the appeal.

## DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING GOODPASTURE'S K.S.A. 60-1507 MOTION?

Goodpasture argues that the district court erred in summarily dismissing his motion. When, as here, a district court summarily dismisses a K.S.A. 60-1507 motion without a hearing, this court applies a de novo standard of review to determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

The district court summarily dismissed Goodpasture's motion, finding that K.S.A. 60-1507 required that he be in custody under sentence for the court to have jurisdiction over his motion. Goodpasture asserts the district court was incorrect because "the language of K.S.A. 60-1507(f)(2)(A) overcomes the trial court's objection." He also argues that K.S.A. 60-260 and K.S.A. 60-2606 overcome the "procedural defect" of having no jurisdiction. Goodpasture then asserts that because he claimed actual innocence there was no time limitation for raising his claim. Finally, he cites various federal court cases that he claims support finding the court should not have denied his motion.

The State counters that the district court correctly denied the motion because Goodpasture is not "'in custody under sentence'" as required to file a K.S.A. 60-1507 motion. The State also argues that the motion is untimely.

We must first decide whether the district court, and thus this court, has jurisdiction to address Goodpasture's motion. K.S.A. 60-1507(a) governs jurisdiction for motions filed under its provisions. *Mundy v. State*, 307 Kan. 280, 286, 408 P.3d 965 (2018).

3

Whether a court has jurisdiction over a case is subject to unlimited review. 307 Kan. at 287. Under K.S.A. 2020 Supp. 60-1507(a):

> "A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence."

Our Supreme Court has interpreted this provision to mean that courts only have subject matter jurisdiction over a K.S.A. 60-1507 motion when the motion is filed by a prisoner "'*in custody*.'" (Emphasis added.) *Mundy*, 307 Kan. at 286; see also *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020) ("Because [the prisoner] is no longer serving his sentence, [a K.S.A. 60-1507 motion] is foreclosed to him."). Goodpasture is not "'in custody under sentence'" in this case. *Goodpasture*, 2018 WL 6426417, at *1. As a result, the district court correctly ruled that it did not have jurisdiction to address his motion.

Recognizing this hurdle, Goodpasture points to various statutes that he asserts overcome the lack of jurisdiction, which he classifies as a "procedural defect." First, he asserts the language in K.S.A. 2020 Supp. 60-1507(f)(2)(A) allows the district court to hear a claim of actual innocence, which he asserted in his motion. In support of this argument, he also cites *Beauclair*. But these authorities do not establish that the district court erred in finding it had no jurisdiction to entertain Goodpasture's motion.

A K.S.A. 60-1507 motion must be brought within one year of the final order of the last appellate court, the termination of such appellate jurisdiction, or the denial of a petition for a writ of certiorari to the United States Supreme Court. K.S.A. 2020 Supp.

4

60-1507(f)(1). The time limitation may be extended by the court only to prevent a manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). K.S.A. 2020 Supp. 60-1507(f)(2)(A) then defines manifest injustice, stating the court should examine "whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence."

While Goodpasture claimed actual innocence in his motion, he fails to recognize that subsection (f) does not vest the court with jurisdiction. K.S.A. 2020 Supp. 60-1507(a) states that "[a] prisoner in custody under sentence . . . may, *pursuant to the time limitations imposed by subsection (f)*, move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added.) The time limitation is another procedural hurdle the movant must clear. Stated another way, without jurisdiction, the timeliness of Goodpasture's motion is irrelevant.

Goodpasture's reliance on *Beauclair* is also misplaced. In *Beauclair*, the Kansas Supreme Court addressed what Beauclair must show to overcome the procedural bar erected by the untimeliness of his motion. 308 Kan. at 294. But as discussed above, the district court did not deny Goodpasture's motion for being untimely. *Beauclair* does not speak to the situation where the K.S.A. 60-1507 movant completed his sentence and is not in custody for the challenged conviction.

Goodpasture then asserts that K.S.A. 60-260 and K.S.A. 60-2606 "overcome[] the procedural defect" of the court's lack of jurisdiction. But these statutes do not provide Goodpasture with alternative grounds for relief. The Kansas Supreme Court has held "that neither K.S.A. 60-260(b) nor K.S.A. 60-2606 . . . may be used as a platform from which to mount a collateral attack on a criminal conviction and sentence." *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015) (citing *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1, 326 P.3d 1083 [2014]); *State v. Mitchell*, 297 Kan. 118, 120, 298 P.3d 349

(2013) ("K.S.A. 60-1507 is the exclusive remedy for a prisoner to collaterally attack a conviction and sentence in a criminal case; K.S.A. 2012 Supp. 60-260(b) is not available for that purpose."). More importantly, these statutes do not undermine the district court's decision that it lacked jurisdiction to hear Goodpasture's K.S.A. 60-1507 motion.

Finally, Goodpasture asserts that federal law provides "sound and helpful" reasoning that he should not be barred from challenging his conviction. He then provides a string citation of eight federal cases in his brief. But he makes no effort to explain how the federal cases negate the language in K.S.A. 2020 Supp. 60-1507(a) that a motion for relief under the statute can be filed only by a "prisoner in custody under sentence of a court." An issue not briefed or not adequately briefed is considered waived and abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

Before closing, we observe that Goodpasture does not argue that the court should have construed his K.S.A. 60-1507 motion as a motion to withdraw plea. We presume this is because Goodpasture moved to withdraw his plea in 2016, that motion was denied, and this court affirmed that decision on appeal. *Goodpasture*, 2018 WL 6426417. Another motion to withdraw plea would appear to be successive and untimely.

In sum, the district court correctly determined that it lacked jurisdiction to enter an order on Goodpasture's K.S.A. 60-1507 motion filed more than 10 years after he served his entire sentence for the challenged conviction. Because the district court lacked jurisdiction to enter an order, this court also lacks subject matter jurisdiction over this appeal. *In re Care & Treatment of Emerson*, 306 Kan. 30, 39, 392 P.3d 82 (2017) ("Because the district court did not have jurisdiction, the Court of Appeals did not have jurisdiction . . . ."). When the record discloses a lack of jurisdiction, the proper remedy is dismissal. *Wiechman v. Huddleston*, 304 Kan. 80, 84-85, 370 P.3d 1194 (2016).

Appeal dismissed.